CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

DEC 1 8 2012

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| TIMOTHY WALLACE, | ) | Civil Action No. 7:12-cv-00258 |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| FEDERAL BUREAU OF | ) | |
| PRISONS, et al., | ) | By:    Hon. Jackson L. Kiser |
|     Respondents. | ) |     Senior United States District Judge |

Timothy Wallace, a federal inmate proceeding pro se, filed a petition for a writ of habeas

corpus, pursuant to 28 U.S.C. § 2241. Petitioner names as respondents the Federal Bureau of

Prisons ("BOP"); the United States of America; and C. Zych, Warden of the United States

Penitentiary at Lee County, Virginia. Petitioner argues that he is being denied parole in violation

of his civil rights. Warden Zych filed a motion for summary judgment, and petitioner responded,

making the matter ripe for disposition. After reviewing the record, I grant Zych's motion

because petitioner did not exhaust administrative remedies.

I.

The United States District Court for the District of Maryland sentenced petitioner in July

1986 to life plus fifteen years for fatally shooting five times at point-blank range a witness in a

then-pending criminal action against a co-defendant. Petitioner was found guilty of conspiring to

violate civil rights, in violation of 18 U.S.C. § 241; witness tampering, in violation of 18 U.S.C.

§ 1512(a)(3); using a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c); and

aiding and abetting, in violation of 18 U.S.C. § 2.[1]

Petitioner had served 157 months' incarceration when the United States Parole

---

[1] These crimes occurred before federal parole was abolished. See, e.g., The Sentencing Reform Act of 1984, Pub. L.
No. 98-473, 98 Stat. 1987.

Commission ("Commission") held petitioner's first parole hearing on October 26, 1998. The

hearing examiner reviewed the facts of petitioner's federal crimes and concluded:

> This examiner does not believe that parole is warranted at any point before the service
> of 30 years of confinement and even at that point, the [petitioner] may still be
> considered a dangerous individual. He has not accepted any responsibility for the
> behavior and denies his guilt in totality. The murder of a person testifying before a
> federal grand jury is identified by the Commission as one of the most serious types of
> murders to be committed and a 15 year reconsideration hearing appears to be
> appropriate.

See 28 C.F.R. § 2.20 (discussing the guidelines for parole decisions). The Commission entered

its denial of parole in 1998 and scheduled petitioner's next parole release hearing in October

2013. Petitioner did not administratively appeal this decision.

Petitioner had statutory interim hearings in 2000, 2002, 2004, 2009, and 2011 that

maintained the October 2013 hearing date.[2]

> At the 2011 statutory interim hearing, the hearing examiner concluded:

> At today's hearing the [petitioner] continued to maintain his innocence regarding
> the base offense and provided no further information regarding the offense only to
> share that he is still fighting his case in court and maintains his innocence of
> committing the offense.
> * * *
> This examiner finds that there is no information provided that would warrant the
> Commission to render a change in that [deferred 15 year parole release hearing]
> recommendation. . . . As a result, this examiner recommends no change in the
> previous decision.

Petitioner did not administratively appeal any of the Notices of Action for the statutory interim

hearings, and his next parole consideration hearing remains scheduled for October 2013.

---

[2] The purpose of a statutory interim hearing is to determine whether any significant developments or changes in the
prisoner's status occurred after the initial hearing to warrant accelerating or delaying the next parole hearing date.
28 C.F.R. § 2.14. Petitioner did not execute a parole application in 2007 and did not appear at his 2007 statutory
interim hearing.

2

Petitioner filed the instant § 2241 petition in June 2012, alleging that the Commission's initial decision to postpone the next parole release hearing until October 2013 and the statutory interim decisions that maintain that schedule are the result of unlawful discrimination because a hearing examiner told petitioner in 1998 that his criminal sentence was effectively a death sentence.

## II.

Federal courts must "focus[] on the need to ensure that . . . prisoners use only habeas corpus . . . remedies when they seek to invalidate the duration of their confinement—either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the . . . custody." Wilkinson v. Dotson, 544 U.S. 74, 81 (2005). Petitioner's claims, even if successful, would not "necessarily spell speedier release" from custody because I do not have jurisdiction to order petitioner's parole and petitioner would be entitled to, at most, reconsideration of parole release at a new parole hearing. Id. at 82. Thus, petitioner's claims do not lie within "the core of habeas corpus" and may be brought, if at all, under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Id. at 81. However, petitioner is not entitled to any relief whether proceeding via § 2241 or Bivens because he failed to exhaust administrative remedies.[3]

A person seeking judicial review of an agency action, whether via a habeas corpus petition or a Bivens action, must first have exhausted the administrative remedies available within the agency. 42 U.S.C. § 1997e(a); McClung v. Shearin, 90 F. App'x 444, 445 (4th Cir.

---

[3] Neither the BOP nor the United States of America is a proper respondent to a habeas corpus petition, Rumsfeld v. Padilla, 542 U.S. 426 (2004), or a proper defendant to a Bivens action, FDIC v. Meyer, 510 U.S. 471 (1994). Accordingly, the BOP and the United States of America are terminated as parties. See Fed. R. Civ. P. 21 (permitting a court to terminate parties for misjoinder).

3

2004) (per curiam) ("Federal prisoners must exhaust their administrative remedies prior to filing

2241 petitions. . . . Failure to exhaust may only be excused upon a showing of cause and

prejudice.") (citing <u>Carmona v. United States Bureau of Prisons</u>, 243 F.3d 629, 634 (2d Cir.

2001)). The Notices of Action for the October 26, 1998, hearing and the statutory interim

hearings decisions informed petitioner that the hearings' results could be appealed. Zych filed

the affidavit of a Commission employee who reviewed petitioner's parole file and avers that

petitioner did not file any appeal or petition to challenge any parole decision, and petitioner fails

to establish any basis to excuse the failures to administratively appeal any of the parole

decisions.[4] <u>See</u> Fed. R. Civ. P. 56(c), (e). The period for petitioner to administratively appeal or

seek reconsideration of any of these decisions has expired. <u>See</u> 28 C.F.R. §§ 2.26 – 2.27

(describing the procedures to appeal parole decisions). Accordingly, Zych is entitled to

summary judgment for petitioner's failure to exhaust administrative remedies.

## III.

For the foregoing reasons, I terminate the BOP and the United States of America as

parties; grant Zych's motion for summary judgment; and strike the action from the court's active

docket.

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying

Order to the parties.

ENTER: This 18th day of December, 2012.

Senior United States District Judge

---

[4] Petitioner could appeal the statutory interim decisions to the National Appeals Board per 28 C.F.R. § 2.26 and could seek reconsideration of a Regional Commissioner's decision from the full Commission per 28 C.F.R. § 2.27.

4